UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

# CIVIL MINUTES - GENERAL

*MADE JS-6*

| Case No. | CV 10-4232-GW(DTB) | Date | December 17, 2012 |
|---|---|---|---|
| Title | *Twitchell v. Office of Admin. Hearings* | | |

| Present: The Honorable | GEORGE H. WU, United States District Judge |
|---|---|

| Javier Gonzalez | Not Present |
|---|---|
| Deputy Clerk | Court Reporter |

| Attorneys Present for Plaintiffs: | Attorneys Present for Defendants: |
|---|---|
| None Present | None Present |

**Proceedings:**   (IN CHAMBERS):  **ORDER DISMISSING SECOND AMENDED COMPLAINT WITH PREJUDICE**

Plaintiff Danelle Twitchell ("Plaintiff"), proceeding *pro se*, filed suit against the Office of Administrative Hearings on June 15, 2010, and subsequently filed a First Amended Complaint ("FAC") against the Los Angeles Unified School District ("Defendant").  *See* Docket Nos. 3, 23.  The Court then granted Defendant's motion to dismiss the FAC with leave to amend as to all five causes of action pled therein.  *See generally* Docket No. 42.  Plaintiff duly filed a Second Amended Complaint ("SAC"), in which she pled four causes of action: (1) violation of the Individuals with Disabilities Education Act (the "IDEA"); (2) violation of the McKinney Homeless Act (the "MHA"); (3) violation of the Presidential Summit on Violence and National Commission on Crime Prevention and Control; and (4) applicability of California Government Code § 911.2 pursuant to the California Tort Claims Act.  *See generally* SAC, Docket No. 44.

Defendant then moved to dismiss the SAC (Docket No. 45), and Plaintiff failed to oppose that motion.  The Court held a hearing concerning Defendant's motion to dismiss on November 19, 2012.  The tentative ruling circulated at that hearing, which was attended by both Plaintiff and counsel for Defendant, indicated that the Court was inclined to dismiss all four causes of action in the SAC *with* prejudice, since Plaintiff had failed to remedy any of the deficiencies raised in Defendant's previous motion to dismiss, in connection with the FAC.  *See generally* Docket No. 47.  However, at the hearing, the Court indicated from the bench that if Plaintiff were to submit a sufficient "offer of proof" as to both timeliness of the action (with regard to the IDEA claim) and her exhaustion of administrative remedies (with regard to the MHA claim), the Court would likely permit her to amend the Complaint and would only grant Defendant's motion *without* prejudice.  *Id.*  The Court set a deadline of December 11, 2012, for Plaintiff to file this offer of proof.  *Id.*

Plaintiff has not filed any supplemental evidence or briefing.  Therefore, for the reasons stated in the Court's November 19, 2012 tentative ruling (Docket No. 47), which is hereby made final, the Court GRANTS WITH PREJUDICE Defendant's motion to dismiss the SAC in its entirety.  The hearing set for December 20, 2012 is VACATED.